IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RE CARROLL MANAGEMENT )
COMPANY, et al., )
 )
                Plaintiffs, )
 )
      v. )    1:23-CV-483
 )
DUN & BRADSTREET INC., et al., )
 )
              Defendants. )

## ORDER

The plaintiffs, RE Carroll Management Company and affiliated entities, filed suit against three defendants: Dun & Bradstreet, Inc., Dun & Bradstreet Holdings, Inc., and The Dun & Bradstreet Corporation. Two of the defendants, Dun & Bradstreet Holdings and Dun & Bradstreet Corporation, move to dismiss the claims against them for lack of personal jurisdiction. In response to sworn testimony that these two defendants have no presence in North Carolina, the plaintiffs offer only unverified conclusory allegations and, as to one defendant, six-year-old admissions from another case. The motion to dismiss will be granted.

    **I.**    **Background**

RE Carroll Management Company and affiliated entities ("the Carroll Companies") filed a complaint in June 2023 alleging that Dun & Bradstreet, Inc., Dun & Bradstreet Holdings ("Holdings"), and Dun & Bradstreet Corporation ("Corporation") published false and misleading information about them in defendants' online business directory and that this publication harmed their businesses. *See generally* Doc. 1. They

make several state law claims. *See id.* at ¶¶ 61–110. They contend that the exercise of personal jurisdiction over the three defendants is appropriate because each "conducts business in North Carolina" and is "engaged in substantial activity" within the state. *Id.* at ¶¶ 11–13.

Dun & Bradstreet, Inc. does not contest jurisdiction. Doc. 16 at 1. The other two defendants, Holdings and Corporation, move to dismiss for lack of personal jurisdiction. Doc. 15. Holdings is a corporation, "organized and existing under the laws of the State of Delaware," and is the parent entity of Dun & Bradstreet, Inc. Doc. 17 at ¶ 3. Corporation is "a corporation organized and existing under the laws of the State of Delaware" and "owns 100 percent of the stock of Dun & Bradstreet, Inc." *Id.* at ¶ 4.

## II. Discussion

For a court to constitutionally exercise personal jurisdiction over nonresident defendants, jurisdiction must be authorized by (1) the long-arm statute of the forum state and (2) the Due Process Clause of the Fourteenth Amendment. *See dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 131 (4th Cir. 2023). The North Carolina Supreme Court has held that the state long-arm statute "permits the exercise of personal jurisdiction over a defendant to the outer limits allowable under federal due process." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). Thus, the statutory inquiry merges with the constitutional inquiry.

There are two types of personal jurisdiction: general (or "all-purpose") jurisdiction and specific (or "case-linked") jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction "extends to any and all

claims brought against a defendant," but only regular and continuous contacts "will expose a defendant to such sweeping jurisdiction." *Id.* (cleaned up). It exists "only when a defendant is essentially at home in the State." *Id.* (cleaned up).

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Id.* In evaluating whether specific jurisdiction exists, courts in this circuit consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *dmarcian*, 60 F.4th at 133.

In the context of online websites, the Fourth Circuit has adopted the "sliding scale" model articulated in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) to determine when a defendant's online activities are sufficient to justify the exercise of personal jurisdiction. *See UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020); *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 713–14 (4th Cir. 2002). Under the *Zippo* standard, when the defendant merely places information on the internet passively, it does not create personal jurisdiction. *ALS Scan*, 293 F.3d at 714. The central inquiry remains whether the defendant has "engaged in some activity purposefully directed toward the forum state" in particular. *UMG Recordings*, 963 F.3d at 353 (cleaned up).

A subsidiary's presence in the forum state does not automatically confer personal jurisdiction over its parent. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276

3

(4th Cir. 2005); *see also Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013).  To impute the subsidiary's presence in North Carolina to the parent entity, the plaintiff must "pierce the corporate veil" by establishing that "the separate existence of the two companies is a mere sham." *Setra of N. Am., Inc. v. Motorcoach Fin., Inc.*, 367 F. Supp. 2d 853, 859 (M.D.N.C. 2005).

"[T]he plaintiff bears the burden of demonstrating personal jurisdiction at every stage" of the litigation.  *dmarcian*, 60 F.4th at 131 (internal quotation marks omitted).  Courts may assess personal jurisdiction questions by reviewing the preliminary allegations in the plaintiff's complaint as well as "parties' motion papers, affidavits attached to the motion, [and] supporting legal memoranda."  *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).

Initially, courts "construe all relevant pleading allegations in the light most favorable to the plaintiff."  *UMG Recordings*, 963 F.3d at 350 (internal quotation marks omitted).  But once a defendant provides evidence showing that the requisite minimum contacts do not exist to establish personal jurisdiction, "the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element that has been denied by the defendant."  *Vogel v. Wolters Kluwer Health, Inc.*, 630 F. Supp. 2d 585, 594 (M.D.N.C. 2008); *accord Velez v. Colon*, No. 18-CV-917, 2019 WL 4774162, at *2 (M.D.N.C. Sept. 30, 2019); *see also Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984) ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true.") (internal quotation marks omitted).  When both sides

present evidence at the Rule 12(b)(2) stage, district courts view the evidence in the light most favorable to the non-moving party. *See Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993).

    A.    **Dun & Bradstreet Holdings, Inc.**

In a sworn affidavit, Bryan Hipsher, the Chief Financial Officer for Dun & Bradstreet, Inc., testifies that Holdings solely holds stock in other companies, conducts no business in North Carolina, has no offices or employees in the state, offers no goods or services in North Carolina, and is not involved in any of the conduct alleged in the complaint. *See* Doc. 17 at ¶¶ 6–9, 11. In response, the Carroll Companies do not present any evidence, much less "sufficient evidence to create a factual dispute," that connects Holdings to North Carolina. *Vogel*, 630 F. Supp. 2d at 594.

The Carroll Companies rely on the allegations in the complaint that Holdings "conducts business in North Carolina" and is "engaged in substantial activity" within the state, Doc. 1 at ¶ 12, and contend that Holdings has sufficient contacts by "publishing credit reports about numerous businesses located in North Carolina, maintaining offices in North Carolina, and otherwise conducting business in North Carolina." Doc. 24 at 6 (cleaned up). But neither unsworn conclusory allegations nor arguments in a brief are proof. In the absence of some evidence, these allegations and assertions are insufficient to meet the plaintiff's burden of proof to establish general jurisdiction.

The Carroll Companies also contend that Holdings "directs electronic activity into the State of North Carolina because it publishes false and misleading information about the plaintiffs in the business directory and on credit reports created by Holdings." *Id.* at 8

5

(cleaned up). But the Carroll Companies have again provided no evidence that Holdings publishes the business directory. Indeed, they admit in the complaint that they do not know which of the defendants is responsible for the publication. Doc. 1 ¶ 14. Even if they did, passively publishing online credit reports about numerous businesses located across the United States, Doc. 24 at 8, does not demonstrate a "manifested intent" of engaging in business in the forum state sufficient to establish specific jurisdiction. *ALS Scan*, 293 F.3d at 714.

Dun & Bradstreet, Inc. concedes that personal jurisdiction exists, Doc. 16 at 1, but that is not enough to confer jurisdiction over its parent, Holdings. *See Vision Motor Cars*, 981 F. Supp. 2d at 468. Nor did the Carroll Companies provide any evidence that "the separate existence of the two companies is a mere sham." *Setra*, 367 F. Supp. 2d at 859.

The Carroll Companies have not met their burden to produce evidence sufficient to support the exercise of personal jurisdiction over Holdings. The motion to dismiss Holdings will be granted.

**B.    The Dun & Bradstreet Corporation**

Mr. Hipsher also testifies that Corporation is not registered and conducts no business in North Carolina, that it only holds stock in other companies, and that it is not involved in any of the conduct alleged in the complaint. Doc. 17 at ¶¶ 6–7, 11. In response, the Carroll Companies point to the same insufficient assertions and contentions they made about Holdings. *See* Doc. 24 at 6–8.

They also rely on admissions made six years ago by Corporation in another lawsuit filed in North Carolina. *Id.* at 3, 6–7. The three defendants in that case were all

6

Case 1:23-cv-00483-CCE-JLW    Document 32    Filed 12/01/23    Page 6 of 8

Dun & Bradstreet entities: Dun & Bradstreet, Inc., Dun & Bradstreet Emerging Business Corp., and Corporation. *See* Doc. 29. In their joint answer, the three defendants refer to themselves collectively as "Dun & Bradstreet," *id.* at ¶ 1, and say that "Dun & Bradstreet admits that it does business with businesses located in the State of North Carolina (including, but not limited to, Mecklenburg County)." *Id.* at ¶¶ 9–11.[1]

An admission that six years ago Corporation did business in North Carolina is insufficient to rebut the clear evidence that Corporation does not do business in North Carolina now. Doc. 17 at ¶¶ 6–11. Even if it were, this narrow admission is insufficient to establish general jurisdiction because it does not show that Corporation, then or now, has engaged in the regular and continuous contact required to be "essentially at home" in North Carolina. *Ford Motor*, 141 S. Ct. at 1024. Nor is specific jurisdiction available, since the plaintiffs acknowledge they do not know who published the statements at issue, Doc. 1 at ¶ 14, and Mr. Hipsher admits it was Dun & Bradstreet, Inc. Doc. 17 at ¶ 2. And, just as with Holdings, the online publishing activities alleged do not rise to the level of "a manifested intent" by Corporation to target the forum state, *ALS Scan*, 293 F.3d at 714, and personal jurisdiction over the subsidiary does not establish *per se* jurisdiction over the parent. *Vision Motor Cars*, 981 F. Supp. 2d at 468.

---

[1] Corporation now contends that the joint answer that Dun & Bradstreet collectively does business in North Carolina was a mistake and that elsewhere in the answer it expressly denied that Corporation was registered to do business in the state. Doc. 25 at 3–4. But Corporation's argument in a brief is not proof, and it has not provided evidentiary support for its factual contentions. For example, the answer does not explicitly deny that Corporation was registered to do business in the state, and one would need to see the complaint to determine if that fact was alleged and then denied. Neither party has provided a copy of the complaint. For purposes of this motion, the Court assumes Corporation did business in North Carolina six years ago.

7

The Carroll Companies have also not met their evidentiary burden to support the exercise of personal jurisdiction over Corporation. The motion to dismiss Corporation will be granted.

It is **ORDERED** that the motion to dismiss for lack of personal jurisdiction, Doc. 15, is **GRANTED**, and the claims against Dun & Bradstreet Holdings, Inc. and The Dun & Bradstreet Corporation are **DISMISSED without prejudice**.

This the 1st day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE

8